Honorable Scott I. Cowan Commissioner Broward County Commission 115 South Andrews Avenue Fort Lauderdale, Florida 33301
Dear Commissioner Cowan:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 DO WEDDING GIFTS RECEIVED BY A COUNTY COMMISSIONER AND HIS SPOUSE AND CONDOLENCE GIFTS RECEIVED BY THE COMMISSIONER AND MEMBERS OF HIS FAMILY FOLLOWING THE DEATH OF A FAMILY MEMBER CONSTITUTE "CONTRIBUTIONS" WHICH MUST BE REPORTED PURSUANT TO s. 111.011, F.S.?
Section 111.011(2)(a), F.S., provides that:
 Each elected public officer shall file a statement containing a list of all contributions received by him or on his behalf, if any, and expenditures from, or disposition made of, such contributions by such officer which are not otherwise required to be reported by chapter 106, with the names and addresses of persons making such contributions or receiving payment or distribution from such contributions and the dates thereof. The statement shall be sworn to by the elected public officer as being a true, accurate, and total listing of all of such contributions and expenditures.
And see, s. 111.011(2)(b), F.S., which requires that such statement shall be filed by July 1 of each year for the previous year. Pursuant to the statute an "[e]lected public officer" is "an individual holding an elective national, state, county, or municipal office." (e.s.) Section 111.011(1)(a), F.S. A "[c]ontribution" for purposes of the statute is:
 [A]ny gift, donation, or payment of money the value of which is in excess of $25 to any elected public officer or to any other person on his behalf. Any payment in excess of $25 to a dinner, barbecue, fish fry, or other such event shall likewise be deemed a "contribution." However, a bona fide gift to the officeholder by a relative within the third degree of consanguinity for the personal use of the officeholder shall not be deemed a "contribution." This section does not apply to honorary memberships in social, service, or fraternal organizations, presented to an elected public officer merely as a courtesy by such organizations.
Section 111.011(1)(c), F.S.
 Section 111.011(5), F.S., specifically states that in interpreting the statute a liberal construction shall be employed "so as to require full financial disclosure of all receipts and expenditures by elected public officers of contributions received by them during their terms of office." Failure to comply with the requirements of s. 111.011, F.S., constitutes grounds for removal from office, impeachment or expulsion from the Senate or House of Representatives, whichever may apply. Section 111.011(4)(b), F.S. Additionally, if an elected public officer knowingly or willfully fails to comply with s. 111.011, he or she is guilty of a second degree misdemeanor in office. Section 111.011(4)(a), F.S. A civil action to enforce the reporting requirements of s. 111.011(2), F.S., may be brought by any person who voted in the election at which the elected public officer was last elected and the court costs, expenses and reasonable attorney fees of any person having reasonable cause to bring such action are allowable as costs against the elected public officer. Section 111.011(3), F.S.
 As this office concluded in AGO 74-167 and reiterated in AGO 75-82:
 In view of the apparent purpose of the statute — to compel disclosure of all gifts and donations which might tend to influence an elected public officer — I have no doubt that it includes all gifts and donations of a value in excess of twenty-five dollars, irrespective of their form. . . . (Emphasis in original.)
Thus, the gifts you have received, if they otherwise qualify as contributions in excess of $25, are required to be reported regardless of their form.
As set forth above, s. 111.011(1)(c), F.S., defines a "[c]ontribution" as "any gift, donation, or payment of money the value of which is in excess of $25. . . ." (e.s.) The items in question in the instant inquiry, i.e., wedding gifts and gifts expressing condolences over the loss of a family member, would appear to fall within the definition of a contribution and, if they were given to you or to any other person on your behalf, are required to be reported if the value of such gifts exceeds $25. As this office stated in AGO 74-383, the determinative factor in whether the reporting requirement applies appears to be the value of the gift. In that opinion it was concluded that a gift with a value in excess of $25 which was given by a number of donors, each of whom contributed an amount less than $25, was not excepted from the requirements of s. 111.011, F.S. A specific exception to the reporting requirements of s. 111.011(2), F.S., is "a bona fide gift to the officeholder by a relative within the third degree of consanguinity for the personal use of the officeholder. . . ." Section 111.011(1)(c), F.S. In addition, honorary memberships in social, service or fraternal organizations, which are presented to an elected public officer as a courtesy by such organizations are not considered contributions within the meaning of s. 111.011(1)(c). Cf., AGO 71-25 (a "payment of money" as used in s. 111.011[1][c] refers to a gratuity and not to compensation from outside employment or other personal income from business activities or investments); AGO 74-383 (no report is required to be made by an elected public officer pursuant to s. 111.011 of payments to a "dinner, barbecue, fish fry, or other such event" — including a Christmas or birthday party held in honor of such officer — except for payments to such events which exceed $25 in amount).
I am aware of no exception to the reporting requirement of s. 111.011(2), F.S., which would exclude wedding gifts or gifts of condolence from being considered "[c]ontributions" as that term is defined in s. 111.011(1)(c), F.S. The definition of a "[c]ontribution" and the requirement of reporting such gifts apply regardless of the nature of such contribution, whether such gifts are congratulatory upon a marriage or are offered as condolences upon the death of a family member. If contributions are received by an elected public officer or on his or her behalf from persons other than relatives within the third degree of consanguinity and such contributions or gifts exceed $25 in value they are to be reported unless specifically excepted from the statute by the terms of s. 111.011(1)(c), F.S.
In sum, it is my opinion that wedding gifts received by a county commissioner and his spouse and condolence gifts received by the commissioner or on his behalf following the death of a family member do constitute "[c]ontributions" which must be reported pursuant to s. 111.011(2), F.S., if the value of such gifts exceeds $25 and s. 111.011(1)(c), F.S., does not provide a specific statutory exception thereto. However, a bona fide gift to the commissioner for his personal use from a relative within the third degree of consanguinity is not considered a "[c]ontribution" within the terms of s. 111.011(2), F.S., and need not be reported.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General